UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 08-20090

THOMAS GROSINSKY,                HON. AVERN COHN

    Defendant.

_____/

## **SENTENCING MEMORANDUM**

### I.

This is a criminal case. On November 20, 2008, the Court imposed a sentence on defendant, Thomas Grosinsky, of one (1) day of imprisonment followed by five (5) years of supervised release, and a $200 special assessment. The conditions of supervised release, beyond the standard terms and conditions of this District, included:

- participation in a program approved by the Probation Department for substance abuse which may include testing to determine if defendant has reverted to the use of drugs;

- compliance with state and federal registration requirements for offenders convicted of sexual crimes, as well as being responsible for the costs associated with registration; and

- one hundred hours of community service as designated by the Probation Department

This memorandum memorializes the reasons for the sentence.

II.

Defendant pled guilty to two (2) offenses:

- possession of child pornography, in violation of 18 U.S.C. §2252(A)(a)(5)(B)

- possession with intent to distribute controlled substances, in violation of 21 U.S.C. §881(a)(1)

More particularly, as explained in the Presentence Investigative Report:

> . . . between January and April 2007, the defendant photographed and video-taped himself engaging in sex acts with a 17-year-old minor. As a result, over 600 images were produced. Investigation revealed that prior to engaging in these acts, Grosinsky would sometimes provide the minor with methamphetamine. Grosinsky then downloaded the images and videos to a DVD and provided the disc to the minor's roommate, at the roommate's request.

Further

- there was no evidence that defendant ever expressed interest in children or ever sold narcotics

- the minor defendant was involved with was 17 years and 9 months old. The minor posted his desires on the internet, including a photograph. While the minor was under 18 years of age, he was physically mature

- under Michigan law, the age of consent is 16 years of age. What occurred sexually was not a crime under state law

- while the images on defendant's computer were pornographic, there was no indication that any of the images were of children. The images were physically indistinguishable from legal homosexual photographs

III.

Under the guidelines for the separate offenses, defendant scored as follows:

A.

| | |
|---|---|
| Base Offense Level - Possession of Child Pornography | 18 |
| Distribution | 2 |
| Use of a computer | 2 |
| 600 or more images | <u>5</u> |
| | 27 |

B.

Base Offense Level - Possession With Intent to Distribute        12

C.

The multiple count adjustment put the combined adjusted offense level at 27. With a 3-level credit for acceptance of responsibility, the total offense level was 24. With no criminal history, the guideline imprisonment range was 51 to 63 months.

D.

The guideline scoring as above was mooted when the government in its sentencing memorandum recommended the Court impose a sentence of 12 months imprisonment, stating in part:

> The government believes that the most serious part of [defendant's] conduct in this case is not the sex (or even its recording) but the distribution of controlled substances to a high school student.

Earlier in its memorandum the government noted:

> On the drug charge, based on the quantity of methamphetamine found at his home, defendant has an offense level of 12. (*See* PSR, at ¶27). With a two-point reduction for acceptance of responsibility (rather than three, since the offense level is less than 16), and a criminal history category of I, defendant's guideline range on the drug charge alone is 6-12 months.

IV.

A.

The Presentence Investigative Report concentrates on the possession of child pornography offense. The government's sentencing memorandum was filed only six (6) days before sentencing.

The Presentence Investigative Report said

> 56. A review of the sex offender assessment report completed by Eastwood Clinic indicates the defendant poses a low risk as a sex offender. Additionally, the report notes that although the defendant is in partial denial of the offense as he feels the conduct was mutual consent, he does appear to have shame in regards to his behavior. Lastly, Grosinsky appears to have good insight into thinking errors, and internal and external motivations that may have contributed to his sexual offending behavior.

\* \* \*

> Part F. Factors That May Warrant A Sentence Outside of the Advisory Guideline System
>
> 82. Presentation of information in this section does not necessarily constitute a recommendation by the Probation Department for a variance.
>
> 83. The Court may wish to consider a downward variance, pursuant to 18 U.S.C. § 3553(a). 18 U.S.C. §3553(a)(1) states the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. As stated above, the circumstances of the offense appear to be somewhat unique to a child pornography conviction. Although the Probation Department recognizes the slippery slope that may be created in stating the minor is nearly 18 years old, it appears appropriate to consider this information in this case.

B.

The defendant's sentencing memorandum states

In this case, there is no need for incarceration. The Presentence Report indicates that this case is an outlier in the sphere of child pornography cases. That is because [     ], while under 18, was physically mature. Viewing the photographs and videos taken by Mr. Grosinsky, it is clear that [       ] would never be mistaken for a child. Interest in [       ] is no indicator of a sexual interest in children. The FBI has seized Mr. Grosinsky's computer and reviewed at least some of the images on his computer. Although there is a large amount of pornography, there has been no indication that there are any models who appear less than fully sexually mature. Unlike most cases prosecuted by the United States Attorney's Office for the Eastern District of Michigan, this case does not victimize children, nor in any way add to the market for images of victimized children. The illegal pictures in this case are indistinguishable for legal homosexual pornography.

C.

The government's sentencing memorandum states

This is an unusual case. By the strict letter of the law, defendant might have been proven to satisfy all the elements for a charge of manufacturing child pornography, in violation of 18 U.S.C. § 2251, which carries a mandatory minimum sentence of 15 years. But in evaluating the proper disposition of this unique case, the government considered that the victim was only months shy of his eighteenth birthday and that the sex acts engaged in between Grosinsky and the boy were legal under Michigan state law (although their recording was not).

Accordingly, the government believed it appropriate to allow the defendant to plead to possession of child pornography, rather than its distribution, which carries no mandatory minimum and the previously-referenced advisory guideline range of 51-63 months. Significantly, under the Adam Walsh Act, defendant will be required to register as a sex offender, providing the public with some measure of protection against his future conduct.

D.

The defendant said at sentencing:

In the last ten months I've attended two and a half hours of therapy every week. I've learned a lot about myself, the mistakes I've made, triggers, and I'm truly sorry to the Court,

5

to my family, to the victim and his family for everything that I have done, and I think I've learned how to not do it again, to thinking errors.

V.

A.

The circumstances of this case as described above are similar to the circumstances in United States v. Prisel, No. 07-3281, 2008 WL 4899451 (6th Cir. Nov. 13, 2008) (unpublished). In Prisel, the Court of Appeals for the Sixth Circuit affirmed a one (1) day custodial sentence followed by 18 months home confinement, a variance from a guideline sentence of 28 to 34 months, based on the district judge's findings that:

- the defendant had no prior record
- the defendant was not a danger to the community
- there was little risk of recidivism
- no benefit would be obtained from incarceration

The sentence in Prisel was found to be sufficient but not greater than necessary to satisfy the purposes of sentencing, just punishment, deterrence and protection of the public and rehabilitation of defendant.

B.

Additionally:

- defendant will be on supervised release for five (5) years
- the Probation Department recommends a variance
- this case, as defendant puts it, is an outlier in the sphere of child pornography
- the defendant displays an understanding of his errant ways, and is unlikely to repeat his wrongful conduct

- the defendant must register as a sex offender

## C.

Considering the § 3553(b) factors, the sentence imposed is sufficient but not greater than necessary to satisfy the purposes of sentencing: just punishment, determent, protection of the public and rehabilitation of the defendant.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 25, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160